IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**JESSICA E. GROB,**

      Plaintiff,

v.                          Civil Action No. _____3:21cv796_____

**FIRST ADVANTAGE BACKGROUND SERVICES CORP.**
Please Serve:
Corporation Service Company
100 Shockoe Slip, 2nd Floor
Richmond, Virginia 23219
Registered Agent,

      Defendant.

## COMPLAINT

Now comes the Plaintiff, Jessica E. Grob ("Ms. Grob"), by counsel, and sets forth to the Court the following:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory, and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1681 *et seq.* (the federal Fair Credit Reporting Act – "FCRA").

2. Defendant, First Advantage Background Services Corp. ("First Advantage"), is one of the largest volume background check companies in the world: "[a]s one of the largest screening providers in the world, we have offices in 26 locations across 14 countries worldwide and we conduct over 71+ million international background screens annually to 18+ million applicants. Our solutions cater to organizations of all sizes and locations, providing a true global reach with local insight." First Advantage – About Us – Answers When & Where You Need Them (available at https://www.fadv.com/about-us.aspx) (last accessed on August 5, 2021).

1

3. First Advantage prepared a background report which deemed Ms. Grob "In-Eligible for Hire" at Walgreen Company d/b/a Walgreens ("Walgreens") based on First Advantage's failure to "verify" the Social Security number Plaintiff provided to Walgreens in her employment application.

4. In fact, the Social Security number Ms. Grob provided to Walgreens was correct because it belongs to Plaintiff.

5. Walgreens automatically adopted First Advantage's eligibility adjudication and fired Ms. Grob on her second day of employment.

## JURISDICTION AND VENUE

6. This Court has jurisdiction as to this case under the provisions of 15 U.S.C. § 1681(p), and 28 U.S.C. § 1331.

7. Venue is proper in this Court because Ms. Grob resides in this District and Division, and a significant part of Ms. Grob's claims occurred in this District and Division.

## PARTIES

8. Ms. Grob is a natural person who resides in Henrico County, Virginia. Ms. Grob is a "consumer" as protected and governed by the FCRA.

9. First Advantage is a for-profit corporation doing business in the Commonwealth of Virginia. First Advantage operates as a consumer reporting agency as defined by the FCRA. 15 U.S.C. § 1681a(f). First Advantage compiles and maintains files on consumers on a nationwide basis. It then sells this information as consumer reports to various customers who access the First Advantage reports in order to make employment decisions, including whether to hire, terminate, transfer, or promote an employee or prospective employee, including the Plaintiff. First Advantage is also a "reseller" that assembles and merges information contained in the databases of other

2

consumer reporting agencies ("CRAs") and resells the data to third parties, as defined in 15 U.S.C. § 1681a(u).

## FACTUAL ALLEGATIONS

10. In May 2021, Ms. Grob sought employment with Walgreens at its store located at 11300 Nuckols Road, Glen Allen, Virginia 23059 (the "Store").

11. Ms. Grob completed an online application through a website maintained by Walgreens.

12. Thereafter, a manager at the Store, Brianne, contacted Ms. Grob and advised that the Store needed employees, and Ms. Grob was eligible to be hired.

13. As part of its hiring process, Walgreens uses employment-purpose consumer reports (commonly called "background reports" or "background checks") to make employment decisions.

14. As a precursor to the background report process, Ms. Grob provided Walgreens with her Social Security number and verified that she was eligible to work in the United States.

15. Ms. Grob visited the Store on May 18, 2021 to meet with Brianne in person. Brianne directed Ms. Grob to return to the Store the next day for her first day of employment.

16. Walgreens ordered a background report on Ms. Grob from First Advantage on or about May 18, 2021. First Advantage completed Ms. Grob's background report within five hours and sent it electronically to Walgreens. First Advantage adjudicated Plaintiff as "In-Eligible for Hire" based on First Advantage's inability to "verify" Plaintiff's Social Security number.

17. On May 19, 2021, Ms. Grob reported for and worked her first shift at the Store.

18. On the same day, First Advantage sent to Ms. Grob what Walgreens claims is a pre-adverse action" notice intended to comply with 15 U.S.C. § 1681b(b)(3).

19. On May 20, 2021, Ms. Grob reported for her second shift at the Store and worked for approximately two hours before she was pulled aside by Brianne and advised that she was being fired because of the background report prepared by First Advantage.

20. Ms. Grob was shocked and dismayed at being fired by Walgreens. Because she was a rising first-year at the University of Virginia, she planned to transfer her employment with Walgreens to a store in Charlottesville to continue working while attending college.

**COUNT THREE: VIOLATIONS OF 15 U.S.C. § 1681e(b) BY FIRST ADVANTAGE**

21. Ms. Grob re-avers and incorporates all other factual allegations set forth in this Complaint.

22. As a nationwide consumer reporting agency ("CRA"), First Advantage is obligated to meet certain requirements of the FCRA. Pertinent here, CRAs like First Advantage must utilize reasonable procedures designed to ensure the maximum possible accuracy of the information they report. 15 U.S.C. § 1681e(b).

23. First Advantage conducted its Social Security number "verification" for Walgreens by "matching" the Social Security number provided by Ms. Grob with her credit file with Experian Information Solutions, Inc. ("Experian").

24. On information and belief, Experian, in its contract with First Advantage, had explicitly told First Advantage not to rely on the information Experian provided, and had disclaimed any responsibility for the accuracy or currency of that information.

25. Given the disclaimer by Experian, it was manifestly unreasonable for First Advantage to rely on Experian's data.

26. Moreover, the United States Social Security Administration (the "Social Security Administration") provides several services for verifying Social Security numbers, including the

4

"Consent Based Social Security Number Verification Service" (the "CBSV"). According to the Social Security Administration, the CBSV functions as follows:

> CBSV is typically used by companies that provide banking and mortgage services, process credit checks, provide background checks, satisfy licensing requirements, etc.
>
> With the consent of the SSN holder, CBSV can verify if the SSN holder's name, date of birth, and SSN match SSA's records. CBSV returns a match verification of "yes" or "no." If our records show that the SSN holder is deceased, CBSV returns a death indicator. CBSV does not verify an individual's identity.

Social Security Administration – Consent Based Social Security Number Verification Service (available at https://www.ssa.gov/cbsv/index.html) (last accessed on August 5, 2021).

27. Instead of using the CBSV, First Advantage employed Experian's matching service because it allowed for greater automation and cost control.

28. Ms. Grob's First Advantage report contained inaccurate information, and that inaccurate information substantially contributed to Walgreens taking an adverse action against her.

29. Moreover, First Advantage's report inaccurately indicated that there was something wrong with Ms. Grob's Social Security Number, rendering her "In-Eligible for Hire."

30. The First Advantage report caused Walgreens to fire Ms. Grob.

31. As a result of this conduct by First Advantage, Ms. Grob suffered actual damages, including without limitation, by example only, and as described herein on her behalf by counsel: loss of employment, loss of income, damage to reputation, embarrassment, humiliation, time and money to attempt to correct First Advantage's false reporting, and out of pocket costs.

32. The violations by First Advantage were willful and/or reckless, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, entitling Ms. Grob to recover under 15 U.S.C. § 1681o.

33.     Ms. Grob is entitled to recover actual damages and/or statutory damages, punitive damages, costs, and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Count Two – Violations of the Federal Fair Credit Reporting Act
(15 U.S.C. § 1681i(a)(1)) – Suit Against First Advantage for Statutory,
Compensatory, and Punitive Damages and for Attorney's Fees and Costs**

34.     Ms. Grob re-avers and incorporates all other factual allegations set forth in this Complaint.

35.     Ms. Grob contacted First Advantage at least twice to dispute that there was anything wrong with her Social Security number. Rather than substantively investigating these disputes, First Advantage advised Ms. Grob that First Advantage was unable to do anything to alter its determination that her Social Security number was "unverifiable." As a matter of policy, First Advantage declines to investigate any disputes of its Social Security number "verification" reporting in its background reports.

36.     On one or more occasions (including within the past two years), by example only and without limitation, First Advantage violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether its reporting regarding Ms. Grob's Social Security number was accurate and verifiable.

37.     First Advantage understood the nature of Ms. Grob's disputes regarding First Advantage's inaccurate Social Security number reporting.

38.     As a proximate result of First Advantage's violations of 15 U.S.C. § 1681i(a)(1), Ms. Grob suffered actual damages, including but not limited to: loss of employment, loss of income, damage to reputation, embarrassment, humiliation, time and money to attempt to correct First Advantage's false reporting, and out of pocket costs.

39. The violations by the First Advantage were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, which entitles Ms. Grob to recovery under 15 U.S.C. § 1681o.

40. Ms. Grob is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count Three - Violation of the Federal Fair Credit Reporting Act
### (15 U.S.C. § 1681i(a)(4)) – Suit Against First Advantage for Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs

41. Ms. Grob re-avers and incorporates all other factual allegations set forth in this Complaint.

42. First Advantage violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Ms. Grob.

43. As a proximate result of First Advantage's violations of 15 U.S.C. § 1681i(a)(4), Ms. Grob suffered actual damages, including but not limited to: loss of employment, loss of income, damage to reputation, embarrassment, humiliation, time and money to attempt to correct First Advantage's false reporting, and out of pocket costs.

44. The violations by the First Advantage were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, which entitles Ms. Grob to recovery under 15 U.S.C. § 1681o.

45. Ms. Grob is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from First Advantage in an amount to be determined by the

Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### Count Four - Violation of the Federal Fair Credit Reporting Act
### (15 U.S.C. § 1681i(a)(5)) – Suit Against First Advantage for Statutory, Compensatory, and Punitive Damages and for Attorney's Fees and Costs

46. Ms. Grob re-avers and incorporates all other factual allegations set forth in this Complaint.

47. First Advantage violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promply delete the disputed Social Security number reporting from Ms. Grob's file with First Advantage or modify the disputed Social Security number reporting upon a lawful reinvestigation.

48. As a proximate result of First Advantage's violations of 15 U.S.C. § 1681i(a)(5)(A), Ms. Grob suffered actual damages, including but not limited to: loss of employment, loss of income, damage to reputation, embarrassment, humiliation, time and money to attempt to correct First Advantage's false reporting, and out of pocket costs.

49. The violations by the First Advantage were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, First Advantage was negligent, which entitles Ms. Grob to recovery under 15 U.S.C. § 1681o.

50. Ms. Grob is entitled to recover actual damages, statutory damages, punitive damages, costs, and attorney's fees from First Advantage in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### PRAYER FOR RELIEF

WHEREFORE, Ms. Grob prays that the Court enter a judgment for actual, statutory, and punitive damages against First Advantage, jointly and severally; for her attorney's fees and costs; for pre-judgment and post-judgment interest at the judgment rate; and such other relief the Court

deems just and proper.

**A TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,

**JESSICA E. GROB**

By\_\_\_\_/s/ Leonard A. Bennett_____
   Counsel

Leonard A. Bennett, VSB #37523
Craig C. Marchiando, VSB #89736
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA  23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email:  lenbennett@clalegal.com
Email: craig@clalegal.com

Drew D. Sarrett, VSB #81658
CONSUMER LITIGATION ASSOCIATES, P.C.
626 E. Broad Street, Suite 300
Richmond, VA 23219
Telephone: (804) 905-9900
Facsimile: (757) 930-3662
E-mail: drew@clalegal.com
*Counsel for Plaintiff(s)*

9